CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
VENECIA REYNOSO SANTANA,
*individually and on behalf of others similarly
situated,*

                            *Plaintiff,*

           -against-

PUPY GROCERY CORP. (D/B/A PUPY
DELI GROCERY), WILLIAM MEDINA, and
JUAN ROBERTO MEDINA,

                           *Defendants.*
-------------------------------------------------------X

                                                   **COMPLAINT**

                                      **COLLECTIVE ACTION UNDER**
                                      **29 U.S.C. § 216(b)**

                                      **ECF Case**

       Plaintiff Venecia Reynoso Santana ("Plaintiff Reynoso" or "Ms. Reynoso"), individually and on behalf of others similarly situated, by and through her attorneys, CSM Legal, P.C., upon her knowledge and belief, and as against Pupy Grocery Corp. (d/b/a Pupy Deli Grocery), ("Defendant Corporation"), William Medina and Juan Roberto Medina, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

       1.     Plaintiff Reynoso is a former employee of Defendants Pupy Grocery Corp. (d/b/a Pupy Deli Grocery), William Medina, and Juan Roberto Medina.

       2.     Defendants own, operate, or control a deli, located at 1299 St. Lawrence Ave, Bronx, NY 10472, under the name "Pupy Deli Grocery".

3.      Upon information and belief, individual Defendants William Medina and Juan Roberto Medina, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the deli as a joint or unified enterprise.

4.      Plaintiff Reynoso was employed as a cook at the deli located at 1299 St. Lawrence Ave, Bronx, NY 10472.

5.      At all times relevant to this Complaint, Plaintiff Reynoso worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Reynoso appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Furthermore, Defendants failed to pay Plaintiff Reynoso wages on a timely basis.

8.    In this regard, Defendants have failed to provide timely wages to Plaintiff Reynoso and Defendants' conduct extended beyond Plaintiff Reynoso to all other similarly situated employees.

9.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Reynoso and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.      Plaintiff Reynoso now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et*

*seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Reynoso seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Reynoso's state law claims under 28 U.S.C. § 1367(a).

13.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiff Reynoso was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Venecia Reynoso Santana ("Plaintiff Reynoso" or "Ms. Reynoso") is an adult individual residing in Bronx County, New York.

15.     Plaintiff Reynoso was employed by Defendants at Pupy Deli Grocery from approximately October 23, 2018, until on or about April 25, 2022.

16.     Plaintiff Reynoso consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants owned, operated, or controlled a deli, located at 1299 St. Lawrence Ave, Bronx, NY 10472 under the name "Pupy Deli Grocery".

18.     Upon information and belief, Pupy Grocery Corp. (d/b/a Pupy Deli Grocery) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1299 St. Lawrence Ave, Bronx, NY 10472.

19.     Defendant William Medina is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant William Medina is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant William Medina possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Reynoso, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Juan Roberto Medina is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Juan Roberto Medina is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Juan Roberto Medina possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Reynoso, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

21.     Defendants operate a deli located in the Soundview Bruckner section of the Bronx.

22.     Individual Defendants, William Medina and Juan Roberto Medina, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Reynoso's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Reynoso, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Reynoso (and all similarly situated employees) and are Plaintiff Reynoso's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Reynoso and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendants William Medina and Juan Roberto Medina operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

        a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiff Reynoso's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Reynoso, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Reynoso's services.

29. In each year from 2018 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Reynoso is a former employee of Defendants who was employed as a cook.

32.     Plaintiff Reynoso seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Venecia Reynoso Santana*

33.     Plaintiff Reynoso was employed by Defendants from approximately October 23, 2018, until on or about April 25, 2022.

34.     For approximately one week in June 2019, Plaintiff Reynoso was unable to work due to medical reasons.

35.     Defendants employed Plaintiff Reynoso as a cook.

36.     Plaintiff Reynoso regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37.     Plaintiff Reynoso's work duties required neither discretion nor independent judgment.

38.     Throughout her employment with Defendants, Plaintiff Reynoso regularly worked in excess of 40 hours per week.

39.     From approximately October 23, 2018, until on or about April 2021, Plaintiff Reynoso worked from approximately 7:00 a.m. until on or about 3:00 p.m. to 4:00 p.m., 7 days a week (typically 56 to 63 hours per week).

40.     From approximately May 2021 until on or about April 25, 2022, Plaintiff Reynoso worked from approximately 7:00 a.m. until on or about 3:00 p.m. to 4:00 p.m., 6 days a week (typically 48 to 54 hours per week).

41.     Throughout her employment, Defendants paid Plaintiff Reynoso her wages in cash.

42.     From approximately October 2018 until on or about April 2021, Defendants paid Plaintiff Reynoso a fixed salary of $700 per week.

43.     From approximately May 2021 until on or about October 2021, Defendants paid Plaintiff Reynoso a fixed salary of $600 per week.

44.     From approximately November 2021 until on or about April 25, 2022, Defendants paid Plaintiff Reynoso a fixed salary of $700 per week.

45.     However, Defendants did not pay Plaintiff Reynoso on a regular weekly basis, resulting in late payments.

46.     Defendants never granted Plaintiff Reynoso any breaks or meal periods of any kind.

47.     Plaintiff Reynoso was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

48.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Reynoso regarding overtime and wages under the FLSA and NYLL.

49.     Defendants did not provide Plaintiff Reynoso an accurate statement of wages, as required by NYLL 195(3).

50.     Defendants did not give any notice to Plaintiff Reynoso, in English and in Spanish (Plaintiff Reynoso's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

51.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Reynoso (and all similarly situated employees) to work in excess of 40 hours

a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

52.     Plaintiff Reynoso was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

53.     Defendants' pay practices resulted in Plaintiff Reynoso not receiving payment for all her hours worked, and resulted in Plaintiff Reynoso's effective rate of pay falling below the required minimum wage rate.

54.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

55.     Defendants paid Plaintiff Reynoso her wages in cash.

56.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

57.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Reynoso (and similarly situated individuals) worked, and to avoid paying Plaintiff Reynoso properly for her full hours worked.

58.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

59.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Reynoso and other similarly situated former workers.

60.    Defendants failed to provide Plaintiff Reynoso and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

61.    Defendants failed to provide Plaintiff Reynoso and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

62.     Plaintiff Reynoso brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

63.    At all relevant times, Plaintiff Reynoso and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and

have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

64.     The claims of Plaintiff Reynoso stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

65.     Plaintiff Reynoso repeats and realleges all paragraphs above as though fully set forth herein.

66.     At all times relevant to this action, Defendants were Plaintiff Reynoso's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Reynoso (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

67.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

68.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

69.     Defendants failed to pay Plaintiff Reynoso (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

70.     Defendants' failure to pay Plaintiff Reynoso (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

71.    Plaintiff Reynoso (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

72.    Plaintiff Reynoso repeats and realleges all paragraphs above as though fully set forth herein.

73.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Reynoso (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74.    Defendants' failure to pay Plaintiff Reynoso (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75.    Plaintiff Reynoso (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

76.    Plaintiff Reynoso repeats and realleges all paragraphs above as though fully set forth herein.

77.    At all times relevant to this action, Defendants were Plaintiff Reynoso's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Reynoso, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

78.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Reynoso less than the minimum wage.

79.     Defendants' failure to pay Plaintiff Reynoso the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

80.     Plaintiff Reynoso was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

81.      Plaintiff Reynoso repeats and realleges all paragraphs above as though fully set forth herein.

82.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Reynoso overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83.     Defendants' failure to pay Plaintiff Reynoso overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

84.     Plaintiff Reynoso was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

85.      Plaintiff Reynoso repeats and realleges all paragraphs above as though fully set forth herein.

86.     Defendants failed to provide Plaintiff Reynoso with a written notice, in English and in Spanish (Plaintiff Reynoso's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances,

if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

87.     Defendants are liable to Plaintiff Reynoso in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

88.      Plaintiff Reynoso repeats and realleges all paragraphs above as though fully set forth herein.

89.     With each payment of wages, Defendants failed to provide Plaintiff Reynoso with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

90.     Defendants are liable to Plaintiff Reynoso in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

91.　　Plaintiff Reynoso repeats and realleges all paragraphs above as though set forth fully herein.

92.　　Defendants did not pay Plaintiff Reynoso on a regular weekly basis, in violation of NYLL §191.

93.　　Defendants are liable to Plaintiff Reynoso in an amount to be determined at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Reynoso respectfully requests that this Court enter judgment against Defendants by:

(a)　　Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)　　Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Reynoso and the FLSA Class members;

(c)　　Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Reynoso and the FLSA Class members;

(d)　　Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Reynoso's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Reynoso and the FLSA Class members;

(f)     Awarding Plaintiff Reynoso and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Reynoso and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Reynoso;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Reynoso;

(j)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Reynoso;

(k)     Awarding Plaintiff liquated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Reynoso's compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Reynoso;

(n)     Awarding Plaintiff Reynoso damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(o)     Awarding Plaintiff Reynoso damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Reynoso liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Reynoso and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Reynoso and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

 Plaintiff Reynoso demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

September 20, 2022

CSM LEGAL, P.C

By:     _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]

60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

August 17, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Venecia Reynoso Santana

Legal Representative / Abogado:     CSM Legal, P.C.

Signature / Firma:

Date / Fecha:               17 de Agosto 2022

*Certified as a minority-owned business in the State of New York*