```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
VENECIA REYNOSO SANTANA, individually and on                       :
behalf of others similarly situated,                               :
                                                                   :
                                        Plaintiffs,                :     22-cv-8292 (LJL)
                                                                   :
                        -v-                                        :     ORDER
                                                                   :
PUPY GROCERY CORP., et al.,                                        :
                                                                   :
                                        Defendants.                :
                                                                   :
-------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

The complaint in this case was filed on September 28, 2022. None of the Defendants has entered a notice of appearance. The Court scheduled and held an Initial Pretrial Conference on January 11, 2023, Dkt. No. 16; Nov. 11, 2023 Minute Entry, at which none of the Defendants appeared, *see* Jan. 11, 2023 Order. After the initial conference, the Court ordered Plaintiff to request a certificate of default by January 20, 2023, and to move for default judgment by February 27, 2023. *Id.* The Court scheduled a hearing on the motion for default judgment on March 17, 2023 at 2:00 p.m. *Id.* On February 27, 2023, counsel for Plaintiff wrote to the Court requesting an extension of time to move for default judgment because "our office has not been able to reach Plaintiff, both directly and through one of her family members" and thus Plaintiff's counsel was unable "to review her Declaration in support of the Default Motion [with Plaintiff] and to finalize the motion papers." Dkt. No. 31. The Court granted the requested extension and set March 10, 2023 as the new date by which Plaintiff was required to move for default judgment. Dkt. No. 32. On March 10, 2023, counsel for Plaintiff again requested that the Court extend the time by which Plaintiff must move for default judgment, because Plaintiff's counsel

was still unable to reach Plaintiff.  Dkt. No. 33.  The Court again granted an extension until March 27, 2023.  Dkt. No. 34.  Plaintiff did not file her motion for default judgment by that date.

On April 21, 2023, the Court ordered Plaintiff to show cause why the case should not be dismissed without prejudice for failure to prosecute.  Dkt. No. 38.  Plaintiff's counsel requested another extension of time to May 25, 2023, which Plaintiff's counsel indicated would give it "ample time to prepare the motion."  Dkt. No. 39.  The Court granted this extension, but stated that "[n]o further extensions will be granted" and that "[i]f the motion is not filed by that date, the case will be dismissed for failure to prosecute."  Dkt. No. 40.  Plaintiff did not submit its motion for default judgment by May 25, 2023; instead, Plaintiff's counsel moved to withdraw from the case on May 24, 2023, *see* Dkt. No. 41.

Federal Rule of Civil Procedure 41 "permits the Court to dismiss an action *sua sponte* for failure to prosecute . . . or failure to comply with an order of the Court."  *Edwards v. Horn*, 2012 WL 1292672, at *1 (S.D.N.Y. Apr. 13, 2012), *report and recommendation adopted*, 2012 WL 1592196 (S.D.N.Y. May 4, 2012); Fed R. Civ. P. 41; *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]").  "Dismissal for lack of prosecution or for failure to comply with an order of the court is a matter committed to the discretion of the district court."  *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)).

In this Circuit, a court must consider five factors when determining whether dismissal for failure to prosecute is appropriate:  whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar

2

congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

Dismissal of this case for failure to prosecute is appropriate under these factors. Plaintiff has not prosecuted its case at all for more than four months. "There is no fixed period of time that must elapse before a plaintiff's failure to prosecute becomes substantial enough to warrant dismissal," *Caussade*, 293 F.R.D. at 629 (citation omitted), but "[d]elays of several months" have been found sufficient, *id*. (collecting cases). Plaintiff was given notice in the Court's orders at Dkt. Nos. 38, 40, that failure to submit a motion for default judgment would result in dismissal. Although there is no specific evidence on the record that delay will prejudice Defendants—indeed, there is no record beyond the Complaint, an affirmation in support of entry of certificates of default, the certificates of default, and the Court's orders—"[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Finally, the Court has "already given [Plaintiff] an opportunity to proceed with this action so that it would be decided on the merits," and Plaintiff's "failure to prosecute and . . . demonstrate[s] that any lesser sanction would be 'an exercise in futility.'" *Edwards*, 2012 WL 1292672, at *2 (quoting *Koch v. Rodenstock*, 2010 WL 2010892, at *7 (S.D.N.Y. Apr. 23, 2010), *report and recommendation adopted*, 2010 WL 2010900 (S.D.N.Y. May 18, 2010).

For the foregoing reasons, the case is dismissed for failure to prosecute. The Clerk of Court is respectfully directed to close the case. Plaintiff's counsel's motion to withdraw is denied as moot.

SO ORDERED.

Dated: May 26, 2023
      New York, New York

                               LEWIS J. LIMAN
                         United States District Judge